

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| AKIA WILLIAMSON, *as Personal Representative of the Estate of Mamie Lee Burnett*, § § § § Plaintiff, § § vs. § § NANCY A. BERRYHILL, § Acting Commissioner of Social Security § Administration, § Defendant. § § | Civil Action No. 8:18-01421-MGL |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION AND REVERSING AND REMANDING THE MATTER FOR FURTHER ADMINISTRATIVE ACTION

This is a Social Security appeal in which Plaintiff Akia Williamson (Williamson), as Personal Representative of the Estate of Mamie Lee Burnett (Burnett), seeks judicial review of the final decision of Defendant Nancy A. Berryhill (Berryhill) denying Burnett's claims for disability insurance benefits (DIB). The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Berryhill's decision be reversed and remanded for further administrative action consistent with the Report. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not—and will not—address any of Berryhill's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

The Magistrate Judge filed the Report on April 9, 2019. Berryhill filed her sole objection on April 22, 2019. The Court has carefully reviewed Berryhill's objection but holds it to be without merit. Therefore, it will enter judgment accordingly.

Burnett field her application for DIB in December 2013, asserting her disability commenced on June 6, 2013. Burnett's application was denied initially on July 29, 2014. On March 31, 2015, upon reconsideration, the Social Security Administration (Administration) determined that Burnett was disabled. The Administration determined the onset date to be January 17, 2015, but held Burnett was not disabled before that date. Burnett appealed the denial of her claim for the period of June 6, 2013 through January 16, 2015, the relevant period at issue. The administrative law judge (ALJ) conducted a hearing on Burnett's appeal on March 21, 2017.

On July 14, 2017, the ALJ issued an unfavorable decision holding Burnett not disabled under the Social Security Act (the Act) during the relevant period. The Appeals Council denied Burnett's request for review of the ALJ's decision. Burnett then filed this action seeking judicial review of the ALJ's decision. After this action was filed, Burnett passed away on February 4, 2019, and Williamson, as the personal representative for Burnett's estate, was substituted as the plaintiff.

The Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). If a decision as to disability can be made at any step, the analysis ends there without proceeding to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

It is Plaintiff's duty both to produce evidence and to prove she is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, "to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). In other words, the Court "must sustain the ALJ's decision, even if [it]

disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Under the substantial evidence standard, however, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d, 1249, 1250 (8th Cir. 1987).

"Additionally, the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986).

In Berryhills's objection, she argues the Magistrate Judge erred in finding the ALJ failed to support her decision by substantial evidence. Objection 1. Specifically, Berryhill contends the ALJ weighed the opinion of Burnett's treating physician Dr. Krista Kozacki "within the parameters of her discretion." *Id.* at 7. According to Berryhill, the ALJ "at least marshaled substantial evidence to support her determination not to accord more than little weight to the opinions at issue." *Id.* at 4. The Court disagrees.

The ALJ "must consider all the evidence and explain on the record the reasons for [her] findings, including the reason for rejecting relevant evidence in support of the claim." *King v. Califano*, 615 F.2d 1018, 1020 (4th Cir. 1980). "Even if legitimate reasons exist for rejecting or discounting certain evidence, [the ALJ] cannot do so for no reason or for the wrong reasons." *Id.* Further, the Court "cannot determine if findings are unsupported by substantial evidence unless

[the ALJ] explicitly indicates the weight given to all of the relevant evidence." *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984).

"Unless [the ALJ] has analyzed all of the evidence and has sufficiently explained the weight [she] has given to obviously probative exhibits, to say that [her] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Arnold v. Sec'y of Health, Educ. & Welfare*, 567 F.2d 258, 259 (4th Cir. 1977) (citation omitted) (internal quotation marks omitted). Nevertheless, the duty of explanation is satisfied "[i]f a reviewing court can discern what the ALJ did and why he did it." *Piney Mountain Coal Co. v. Mays*, 176 F.3d 753, 762 n.10 (4th Cir. 1999) (internal quotation marks omitted).

Having reviewed the record under the standard set forth above, the Court is unable to say it can discern what the ALJ did and why she did it. As the Magistrate Judge notes, "[t]he ALJ failed to build a logical bridge between the evidence of record and her conclusion that [Burnett] could perform light work and persist for [eight] hours a day, [five] days a week." Report 38. This gap in the ALJ's reasoning is particularly troubling considering her decision to give Dr. Kozacki's opinion little weight.

In choosing to give Dr. Kozacki's opinion little weight, the ALJ stated her reliance on the "longitudinal record . . . [and] specifically pointed to what she identified as inconsistencies between" Dr. Kozacki's opinion and the treatment notes of both herself and Dr. Rajesh Bajaj. Objection 2. The Court agrees with the Magistrate Judge the ALJ failed to provide sufficient explanation to support this conclusory finding. Report 37; *see also Dunn v. Colvin*, 607 F. App'x 264, 267 (4th Cir. 2015) ("An ALJ's determination as to the weight to be assigned to a medical opinion" may be disturbed if there is "some indication that the ALJ has dredged up specious

5

inconsistencies, or has failed to give a sufficient reason for the weight afforded a particular opinion." (citations omitted) (internal quotation marks omitted)).

The ALJ concluded Burnett retained the residual functional capacity (RFC) to support work at the light exertional level, which the Magistrate Judge noted "requires the ability to stand/walk for [six] hours of an [eight] hour work day." Report 38. This conclusion is contrary to evidence on record supporting Burnett's claim "she could not walk far without assistance . . . and could stand only about five minutes unless she was leaning on something." *Id.* at 18. The ALJ's determination fails to reflect consideration of the standing/walking requirement, and the ALJ's decision neglects to reconcile the RFC determination with the conflicting and supporting evidence in the record.

The Court is simply unable to conclude whether substantial evidence supports the ALJ's denial of benefits, and therefore, remand is required. *See Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011) (remand required).

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules Berryhill's objection, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court this matter is **REVERSED AND REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**.

Signed this 20th day of June 2019 in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE